1
2
3
4
5

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

6
7
8
9
10
11

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>                    Plaintiff-Respondent,<br><br>        v.<br><br>MIGUEL AVILES-GONZALEZ,<br><br>                    Defendant-Petitioner. | 1:11-CR-00065-LJO-1<br><br>**ORDER DIRECTING PETITIONER TO ADDRESS ISSUE OF TIMELINESS REGARDING HIS 28 U.S.C. § 2255 MOTION.** |

12
13
14
15

Petitioner Miguel Aviles-Gonzalez is a federal prisoner proceeding pro se pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside or correct a 46-month sentence imposed in connection with his guilty plea in this case. *See* Doc. 15 (Judgment and Commitment); Doc. 16 (Section 2255 Petition).

16
17
18
19
20
21
22
23
24
25

Under 28 U.S.C. § 2255(f)(1), a petitioner has one year from the date on which the judgment becomes final to file an appeal. If no appeal is taken, a district court's entry of judgment becomes final when the window for filing an appeal ends. *U.S. v. Schwartz*, 274 F.3d 1220, 1223 & n. 1 (9th Cir. 2001). Here, this Court's Judgment and Commitment was entered on June 15, 2011. Under Fed. R. App. P. 4(b), Defendant had fourteen days to file a notice of appeal. The docket demonstrates that no notice of appeal was filed. Thus, the one-year limitation period began to run fourteen days after the June 15, 2011 Judgment, or on June 29, 2011. The § 2255 motion indicates by Petitioner's own signature that it was delivered to prison authorities on July 31, 2012, more than one month after the one-year limitation period expired. Thus, the Petition is facially untimely.

26
27
28

The one-year limitation period may be tolled (i.e., paused or extended) when there is an impediment preventing a petitioner from filing a motion, new facts are discovered, or the Supreme Court

1

recognizes a new right after judgment is entered. 28 U.S.C. § 2255(f). Alternatively, a § 2255 petitioner

is entitled to "equitable tolling" if he can show "(1) that he has been pursuing his rights diligently, and

(2) that some extraordinary circumstance stood in his way," preventing timely filing." *Holland v.

*Florida*, ⸺ U.S. ⸺, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *United States v. Buckles*, 647

F.3d 883, 889 (9th Cir. 2011) (applying equitable tolling to § 2255 petition). Petitioner must also show

that the extraordinary circumstances "were the cause of his untimeliness." *Bryant v. Ariz. Att'y Gen.*, 499

F.3d 1056, 1061 (9th Cir. 2007).

Normally, a petitioner would address the issue of timeliness directly in his § 2255 motion, when

answering Question #18 on the most recent § 2255 Motion form issued by the Administrative office of

the U.S. Courts.  (A copy of this form, AO 243, is attached to this order.)  In this case, however,

Petitioner appears to have utilized an outdated version of the § 2255 form that does not contain a

question about timeliness. In an abundance of caution, Petitioner will be given an opportunity to directly

address the issue of timeliness.

Petitioner is ordered to complete Question #18 on the attached § 2255 form and file his response

to that question only (not to any other question on the form) with the Court on or before October 12,

2012. In addition to completing Question #18, Petitioner should fill out the identifying information on

the first page of the form (above the heading "MOTION") and sign and date the last page of the form.

The October 12 deadline is designed to provide more than ample time for Petitioner to receive this

Order, respond to Question #18, and then return his response to the Court. Requests for extensions will

not be granted without a strong showing of good cause.

**SO ORDERED**
**Dated: August 31, 2012**

                                        **/s/ Lawrence J. O'Neill**
                                        **United States District Judge**

**Attachment to:**

**Order Directing Petitioner to Address Issue of**

**Timeliness Regarding His 28 U.S.C. § 2255 Motion**

**(AO 243)**

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

**(Motion Under 28 U.S.C. § 2255)**

## Instructions

1.  To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2.  You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7.  In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8.  When you have completed the form, send the original and two copies to the Clerk of the United States District Court at this address:

    Clerk, United States District Court
    Eastern District of California - Fresno Division
    2500 Tulare Street
    Fresno, CA 93721

9.  **CAUTION: You must include in this motion <u>all</u> the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| **United States District Court** | District | |
|---|---|---|
| Name (under which you were convicted): | | Docket or Case No.: |
| Place of Confinement: | | Prisoner No.: |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) | |
| v. | | |

**MOTION**

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:


    (b) Criminal docket or case number (if you know):

2.  (a) Date of the judgment of conviction (if you know):


    (b) Date of sentencing:

3.  Length of sentence:

4.  Nature of crime (all counts):




5.  (a) What was your plea? (Check one)

    (1)   Not guilty  ❑          (2)   Guilty  ❑          (3)   Nolo contendere (no contest)  ❑

    (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count

    or indictment, what did you plead guilty to and what did you plead not guilty to?




6.  If you went to trial, what kind of trial did you have? (Check one)        Jury  ❑        Judge only  ❑

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?      Yes ❑      No ❑

8.  Did you appeal from the judgment of conviction?      Yes ❑      No ❑

9.  If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you file a petition for certiorari in the United States Supreme Court?      Yes ❑   No ❑

If "Yes," answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

(5) Grounds raised:

10.  Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

Yes ❑   No ❑

11.  If your answer to Question 10 was "Yes," give the following information:

(a)  (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes  ❑  No  ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes  ❑  No  ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes  ❑  No  ❑

(2) Second petition:     Yes  ❑  No  ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly
why you did not:


12.  For this motion, state every ground on which you claim that you are being held in violation of the
Constitution, laws, or treaties of the United States.  Attach additional pages if you have more
than four grounds.  State the <u>facts</u> supporting each ground.


**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):


(b) **Direct Appeal of Ground One:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑ No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑    No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑    No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑    No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND TWO**:

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❏   No ❏

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❏   No ❏

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❏   No ❏

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❏   No ❏

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❏   No ❏

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❑    No ❑

(2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❑    No ❑

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❏    No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❏    No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❏    No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR**:


(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏   No ❏

(2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏   No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❏   No ❏

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❏   No ❏

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❏   No ❏

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ❑   No ❑
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:


    (b) At arraignment and plea:


    (c) At trial:


    (d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?      Yes  ❑ No  ❑

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      Yes  ❑ No  ❑

(a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?      Yes  ❑   No  ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).


Executed (signed) on _____ (date).


_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.