UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　v.<br><br>MIGUEL AVILES-GONZALEZ,<br><br>　　　　　Defendant-Petitioner. | 1:11-CR-00065-LJO-1<br><br>ORDER DISMISSING PETITIONER'S MOTION PURSUANT TO 28 U.S.C. § 2255 ON TIMELINESS GROUNDS (DOC. 16). |

　　　Petitioner Miguel Aviles-Gonzalez is a federal prisoner proceeding pro se pursuant to 28 U.S.C. § 2255 ("Section 2255") to vacate, set aside or correct a 46-month sentence imposed in connection with his guilty plea in this case. *See* Doc. 15 (Judgment and Commitment); Doc. 16 (Section 2255 Petition).

　　　Under 28 U.S.C. § 2255(f)(1), a petitioner has one year from the date on which the judgment becomes final to file an appeal. If no appeal is taken, a district court's entry of judgment becomes final when the window for filing an appeal ends. *U.S. v. Schwartz*, 274 F.3d 1220, 1223 & n. 1 (9th Cir. 2001). Here, this Court's Judgment and Commitment was entered on June 15, 2011. Under Fed. R. App. P. 4(b), Defendant had fourteen days to file a notice of appeal. The docket demonstrates that no notice of appeal was filed. Thus, the one-year limitation period began to run fourteen days after the June 15, 2011 Judgment, or on June 29, 2011. The § 2255 motion indicates by Petitioner's own signature that it was delivered to prison authorities on July 31, 2012, more than one month after the one-year limitation period expired. Thus, the Petition is facially untimely. Doc. 16.

　　　The one-year limitation period may be tolled (i.e., paused or extended) when there is an impediment preventing a petitioner from filing a motion, new facts are discovered, or the Supreme Court

recognizes a new right after judgment is entered. 28 U.S.C. § 2255(f). Alternatively, a § 2255 petitioner is entitled to "equitable tolling" if he can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," preventing timely filing." *Holland v. Florida*, ––– U.S. ––––, 130 S. Ct. 2549, 2562, 177 L.Ed.2d 130 (2010); *United States v. Buckles*, 647 F.3d 883, 889 (9th Cir. 2011) (applying equitable tolling to § 2255 petition). Petitioner must also show that the extraordinary circumstances "were the cause of his untimeliness." *Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

In an August 31, 2012 Order, the Court gave Petitioner an opportunity to directly address the issue of timeliness and specifically instructed him to file a document on the subject on or before October 12, 2012. Doc. 17. As of October 15, 2012, the Court has received nothing from Petitioner. Accordingly, given that Petitioner has failed to make any showing that the one year statute of limitations should be tolled, his Petition is DISMISSED as untimely.

**SO ORDERED**
**Dated: October 15, 2012**

                                              **/s/ Lawrence J. O'Neill**
                                              **United States District Judge**